IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 19-592 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| RICK BENAVIDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

<u>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR REVOCATION OF DETENTION ORDER
AND RELEASE FROM PRETRIAL DETENTION (DOC. 29)</u>

The United States respectfully submits this response to the motion, Doc. 29, filed by the defendant, Rick Benavidez (hereinafter, "Defendant"), on April 5, 2019, asking the Court to revoke the detention order previously entered by United States Magistrate Judge Jerry H. Ritter and to release Defendant from pretrial detention. The Court should deny Defendant's motion for the reasons stated below.

I. <u>Background</u>

On February 27, 2019, a federal grand jury in Albuquerque returned an indictment charging Defendant with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Doc. 2 at 1. The indictment further charged Defendant with two counts of bank fraud, in violation of 18 U.S.C. § 1344, and aiding and abetting, in violation of 18 U.S.C. § 2. *Id*. at 1-4.

The Federal Bureau of Investigation ("FBI") arrested Defendant on March 4, 2019. Doc. 6. On March 5, 2019, Defendant appeared for a detention hearing before Judge Ritter. Doc. 11. Judge Ritter found Defendant to be a flight risk and danger to the community. Doc. 13 at 2. He remanded Defendant to the custody of the United States Marshals pending trial. *Id*. at 1.

At the detention hearing, Judge Ritter highlighted that Defendant appeared "to challenge the Court's jurisdiction" perhaps because he did not "understand the applicable law." Doc. 30 at 25. Judge Ritter also noted that Defendant did not report any previous employment and claimed to have no assets or liabilities. *Id*. at 24. Judge Ritter emphasized that Defendant denied having any children despite owing substantial child support. *Id*. Judge Ritter stated, "Although he has long-standing residence in the community, it's hard to say what practical loss he would suffer if he fled the area." *Id*.

Judge Ritter also pointed out Defendant's previous failure to follow court directives. *Id*. at 24-25. Judge Ritter further noted that an automobile purchased as part of a separately charged auto loan fraud scheme was parked in Defendant's driveway at the time of his arrest. *Id*. at 25-26. Judge Ritter found that no conditions or combination of conditions of release would mitigate the risk of Defendant's non-appearance for court or adequately protect the community from the dangers posed by Defendant if allowed to remain at liberty pending trial. *Id*. at 26.

On April 5, 2019, Defendant filed a motion for revocation of his detention order and release from pretrial detention. Doc. 29. In this motion, Defendant argued that should be released because he is not a flight risk or danger to the community. *Id*. at 1-6. Defendant maintained "he has no violent history, has a history of successful judicial supervision, has a stable residence and can readily obtain employment, and is before the court on charges arising from 2013." *Id*. at 1.

II.     Applicable Law

A defendant charged with a criminal offense is entitled to a hearing before a magistrate judge on the issue of his or her pre-trial detention. *See* 18 U.S.C. §§ 3142(f). At such a hearing, the magistrate judge must consider "(1) the nature and circumstances of the offense charged[;] …

(2) the weight of the evidence against the person; (3) the history and characteristics of the person, including … [the defendant's] criminal history … and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

To be sure, the United States bears the burden of proving risk of flight by a preponderance of the evidence and proving dangerousness by clear-and-convincing evidence. 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The ultimate "burden of persuasion … always remains with the [United States]." *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

At the completion of the detention hearing, the magistrate judge shall issue a detention order, pursuant to 18 U.S.C. § 3142(i), when "the jud[ge] finds that no … conditions [of release] will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). However, the magistrate judge may release the defendant from custody when there are conditions of release that can adequately mitigate the defendant's risk of flight and danger to the community. *United States v. Bustamante-Conchas*, 577 Fed. Appx. 803, 805 (10th Cir. 2014).

When a magistrate judge elects to detain a defendant pending trial, the defendant has "two avenues" to seek reconsideration of the magistrate's detention order "prior to review on appeal by a court of appeals." *Cisneros*, 328 F.3d at 614. The defendant may ask for reconsideration from "the same judicial officer who entered the initial order[,]" i.e., the magistrate judge. *Id*. In the alternative, the defendant may file a "motion for revocation" of the detention order with "a judge of a court having original jurisdiction over the offense[,]" i.e., the district court. *Id*. at 615.

3

When the defendant chooses the second option, the district court conducts a de novo review of the magistrate's detention order. *Id*. at 616 n. 1. In doing so, the district court may rely on the record already established and/or hold its own hearing and consider new evidence from the parties. *Id*. at 617.

III. Analysis

The United States respectfully requests that the Court adopt the sound reasoning articulated by Judge Ritter at the detention hearing and order Defendant to remain in custody pending trial. *See* 18 U.S.C. § 3142. The United States also asks the Court to consider the additional information set forth below in denying Defendant's appeal of the magistrate's detention order.

Defendant argues in the instant motion that he should be released because the charges in the indictment are relatively old. Doc. 29 at 1. However, there is compelling evidence that Defendant was still involved in serious criminal activity at the time of his arrest. Indeed, Defendant had an automobile purchased in a separately charged auto loan fraud scheme parked at his mother's home.[1] Defendant has also discussed illegal activity involving automobiles with Edwards by text message, as shown in Attachment 1. For example, on February 23, 2019, Defendant and Edwards had the following conversation:

> BENAVIDEZ: Ya had the car towed again could only release it to Mercedes cops said cause all the vin numbers were changed out[.]
>
> EDWARDS: Wtf omg now what??
>
> BENAVIDEZ: Wait and see[.]
>
> BENAVIDEZ: Cops followed him around for a day cause nothing was matching up to Matt new license plate everything crazy like fuck[.]

---

[1] *United States v. Willie Lee Edwards*, Cr. No. 19-593 JCH.

> EDWARDS: We'll see if he can still sell it to the dealer it will just be a little less tell him to see if he can get 60 or 50 for it money in your pocket[.]
>
> BENAVIDEZ: If it wasn't for the gps that car was gone they know what they are doing for damn sure[.]

Defendant suggests that he had a "stable residence and can readily obtain employment[.]" Doc. 29 at 1. But the FBI's interview of Defendant's mother on the date of his arrest tells a different story. *See* Attachment 2. In particular, Defendant's mother told the FBI that Defendant has only stayed "with her off and on for the past 5 years." Defendant did not pay any rent, according to his mother. Defendant did not discuss his employment or finances with her and he became angry and defensive when he thought she is being "too nosey" about his affairs. Defendant's mother told the FBI that she knew nothing about the source of the $10,000 in cash found in Defendant's bedroom. This money was concealed in small containers designed to look like books. Furthermore, Defendant offers no reason why he would obtain employment when he has not done so in the past.

Defendant claims he is amenable to judicial supervision, but fails to explain why he did not use the cash found in his room to pay his court-ordered child support obligations. Defendant also relies on a character reference from his brother describing him as an "entrepreneur." Unfortunately, because Defendant's brother lives on the East Coast, it is unlikely he will appear before the Court to explain what he means. It should also be noted the FBI did not "burst into" the Benavidez family's home as he alleges. Rather, the FBO knocked on a window because the entry gate was locked. Defendant's mother then let agents in through the garage.

IV.     Conclusion

Every defendant has a family and Defendant is no different.  Obviously, Defendant's mother and brother do not want to see him remain in jail.  But the information he proffers about his mother and brother do not support his release from custody.   There are no conditions that would assure his appearance in court or protect the community from him engaging in further criminal activity.  Accordingly, this Court should deny Defendant's motion.

WHEREFORE, the Court should deny Defendant's motion.

Respectfully submitted:

JOHN C. ANDERSON
United States Attorney

/s/ *Filed electronically*_____
SEAN J. SULLIVAN
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the opposing party of record to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on April 19, 2019:

   /s/
Sean J. Sullivan
Assistant United States Attorney