# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>RICK BENAVIDEZ,<br>DAMIAN MARON,<br>                      Defendants. | Case No. **19-CR-0592 WJ** |

**RICK BENAVIDEZ' EXHIBIT/MEMORANDUM IN SUPPORT
OF THE UNOPPOSED MOTION TO WITHDRAW AS COUNSEL
AND HAVE NEW CJA COUNSEL APPOINTED FOR MR. BENAVIDEZ**

COMES NOW, Defendant RICK BENAVIDEZ, on his own accord and respectfully requests that the Court consider the attached Memorandum, Exhibit "A", provided to his current legal counsel in support of his Motion for the appointment of new counsel filed on November 15, 2019 (Doc. 56).

                              Respectfully Submitted,

                              BURGESS & PORTER LLC

                              By:    ***/s/ Barrett G. Porter***
                                      Barrett G. Porter / Susan Burgess-Farrell
                                      Burgess & Porter Law
                                      400 Gold Avenue, SW, Suite 910
                                      Albuquerque, New Mexico 87102
                                      (505) 433-5545
                                      *Attorney for Defendant Rick Benavidez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the **11-26-19**, I filed the foregoing electronically through the

CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Paul Schied & Sean Sullivan**
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, New Mexico 87103

**Ahmad Asssed**
818 5th Street, NW
Albuquerque, NM 87102
Email: ahmad@assedlaw.com

    */s/ Barrett (Barry) G. Porter*
BURGESS AND PORTER LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CRIMINAL NO. 19-592 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| RICK BENAVIDEZ AND | | |
| DAMIAN MARON | | |
| Defendents, | | |

# MEMORANDUM IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW AND REQUEST FOR REAPPOINTMENT OF COUNSEL

Comes now, Rick R. Benavidez under special appearance reserving all my rights, not waiving any rights to representation submits this memorandum in support of counsel's motion to withdraw.

1. This Memorandum is submitted in support of Counsel's motion to withdraw from counsel, at this time.

2. Defendant is presently released from custody on a pre-trial services arrangement.

3. Defendant has not knowingly or willingly waived any rights. This statement modifies any presumed waivers or concession during use of ineffective counsel.

The waiver of a constitutional right must be knowing and intelligent. Little v. Lockhart, 868 F.2d 989, 991 (8th Cir. 1989), citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938). "A

EXHIBIT "A"

waiver is knowing and intelligent if made 'with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" United States v. Harper, 466 F.3d 634, 643 (8th Cir. 2006), quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)").

4. Defendant states his right to Effective Assistance of Counsel and duly qualifies for a Public Defender.

5. Defendant may need to reconsider any plea entered, and requires new appointed counsel in order to make that determination.

6. Defendant respectfully request, that if the court will not replace counsel, that this Honorable court and the Prosecutor each answer in writing, with all findings of fact and conclusions of law as to why effective counsel should not be appointed.

7. Defendant may lawfully appear in writing and/or by filing a notice, affidavit, or motion.

8. Defendant is not interested in wasting the court's time, and respectfully demands due process.

9. Defendant requires appointed counsel to represent defendant zealously and provide Effective Assistance of Counsel.

10. Defendant states that appointed Public Defender has effectively refused, failed to perform to represent me zealously and provide me Effective Assistance of Counsel, and I don't believe this situation will change.

11. Defendant states that we have had few if any meaningful meetings with Public Defender to effectively review, scrutinize, and discuss a strategy to challenge the Probable Cause, Complaint/Indictment, and Discovery/Evidence Package, nor was a complete investigation performed.

12. Defendant states these conditions have impacted the right to fair and speedy trial, thus causing prejudice to the Defendant.

13. Public defender refused and/or failed to properly investigate this case.

14. Public Defender, by refusing and/or failing to properly investigate this case is unethical and constitutes negligence, incompetence, and prejudice and is thus Ineffective Assistance of Counsel.

15. Public Defender has refused and/or failed to file proper pre-trial motions for the defense.

16. Public Defender, by refusing and/or failing to file proper pre-trial motions for the defense, is unethical and constitutes negligence, incompetence, and prejudice and is thus Ineffective Assistance of Counsel.

17. Public Defender, has refused to challenge the probable cause/evidence.

18. Public Defender, by refusing and/or failing to challenge the probable cause/evidence for the defense, is unethical and constitutes negligence, incompetence, and prejudice and is thus Ineffective Assistance of Counsel.

19. Public Defender has failed and or refused to provide Effective Assistance of Counsel.

20. Public Defender, by refusing and/or failing to provide Effective Assistance of Counsel, is unethical and constitutes negligence, incompetence, and prejudice and is thus Ineffective Assistance of Counsel.

21. Public Defender is financially influenced by Plaintiff, prosecution, and the court.

22. Public Defender has not proven to have won many trials similar to this one.

23. Public Defender has clearly violated the Attorney Client agreement, the details of which are protected information, therefore the trust required to proceed is beyond repair.

24. Because of the above mentioned problems the attorney client relationship has been irreversibly broken.

25. The Public Defender has been instructed to withdrawal, without further discussion.

26. Defendant requests re-appointment of Effective Assistance of Counsel, for consideration prior to proceeding in this matter, and without additional conditions by the court, as required by law.

27. Defendant understands the court cannot legally force them into prosecution, trial, or imprisonment, without me being zealously represented and provided Effective Assistance of Counsel.

28. The right to counsel is "fundamental and essential to a fair trial," it has been applied to the states through the Fourteenth Amendment. Id. at 3424.

29. "The right to counsel has been described "as one of the most pervasive rights [of a criminal defendant] 'as it affects the defendant's ability to assert any other rights he may have.'" In re D.J.M., 259 S.W.3d 533, 535 (Mo. banc 2008) (quoting State v. Dixon, 916 S.W.2d 834, 837 (Mo. App. 1995)).

30. "Indeed, the assistance of counsel is often a requisite to the very existence of a fair trial." Argersinger v. Hamlin, 407 U.S. 25, 31 (1972).

31. "As a result, the United States Supreme Court has held that "no person may be imprisoned for any offense...unless he was represented by counsel at his trial." Id. At 37.5

32. "The Sixth Amendment [to the United States Constitution] provides, 'In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense [sic]." Gideon v. Wainwright, 372 U.S. 335, 339 (1963).

33. "The Sixth Amendment affords all citizens facing criminal charges the right to effective

assistance of counsel."); State ex rel. Wolfrum v. Wiesman, 225 S.W.3d 409, 412,

34. "Beyond simply ensuring that counsel is appointed to assist every defendant who faces the possibility of imprisonment, a judge also must ensure that the defendant has effective assistance of counsel. Taylor v. State, 262 S.W.3d 231, 249 (Mo. banc 2008)

35. Effective representation under the Sixth Amendment requires appropriate investigation, preparation and presentation of the client's case by counsel. Taylor, 252 S.W.3d at 249.

36. "Any defendant that has exercised his right to counsel is guaranteed effective assistance of counsel, and courts should do the utmost to protect the defendant's right to adequate and competent representation."; see also Strickland v. Washington, 466 U.S. 668, 686 (1984).

37. "In deciding that a person cannot be incarcerated unless he is represented by counsel, the Supreme Court reasoned that: The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he has [sic] a perfect one. He requires the guiding hand of counsel at every stop in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. (Argersinger?)

64. THAT, "Under Argersinger, trial judges have an obligation to ensure that every person's right to counsel is met if he or she faces the prospect of imprisonment. See id. at 42 ("The judge

can preserve the option of a jail sentence only by offering counsel to any defendant unable to retain counsel on his own.").

## SUMMARY

38. Defendant has the right to be defended zealously and with Effective Assistance of Counsel, anything less is unethical, negligent, and prejudicial to defendant.

39. Defendant cannot be lawfully prosecuted or imprisoned without Effective Assistance of Counsel.

40. THEREFORE, in the interest of justice and pursuant to the cited authorities above and any other applicable law not cited herein, Defendant moves this Honorable Court to find that the ends of justice are only served if this Honorable Court to the following:

    a. Grants PUBLIC DEFENDER's withdrawal from this case,

    b. Re-appoints new defense counsel to this case, and

    c. Re-schedules proceedings so new counsel can zealously provide Effective Assistance of Counsel by properly and thoroughly investigating, preparing, and presenting my case at a fair and impartial trial by a qualified jury of Defendant's peers.

FURTHER, your Affiant saith not.

Dated this 22 Day of November 2019

Signed reserving all my rights,

_____
by: Rick Rudy Benavidez

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was sent to the following people in the specified manner on this _____ Day of _____ 2019.

Prosecutor: \_\_\_\_ Delivered or Certified Mail _____

PUBLIC DEFENDER, Attorney: \_\_\_\_ Delivered or Certified Mail _____

Clerk of the Court: \_\_\_\_ Delivered or Certified Mail _____

_____
By: Rick Rudy Benavidez