**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                              Case No: 19-CR-592 WJ

RICK BENAVIDEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE**
**FROM PRETRIAL DETENTION**

THIS MATTER comes before the Court following a hearing upon the Government's Motion for Revocation of Release from Pretrial Detention, filed April 9, 2020 (Doc. 103).[1]

**BACKGROUND**

Defendant was indicted on charges of bank fraud and conspiracy. Doc. 2. He allegedly recruited others to apply for loans to purchase cars under false pretenses, and created false documents which overstated the income of loan applicants. *See* Doc. 2 (Redacted Indictment).

The Government seeks revocation of Defendant's pretrial release under 18 U.S.C. §3148 because there is probable cause to believe that the Defendant has violated a condition of his pretrial release by committing a federal offense—namely, by filing a Form 56 with the Internal Revue Service (IRS) listing William P. Johnson as a fiduciary for the Defendant and describing the undersigned presiding judge as "Appointed as special executor by general executor." Defendant's

---

[1] The Government offered evidence by proffer in light of the emergency conditions caused by the COVID-19 pandemic and pursuant to this Court's administrative orders and the "Coronavirus Aid, Relief, and Economic Security Act," H.R. 748.

position is that no federal or state "crime" has been committed and thus there is no basis for revocation.

Defendant was arrested on March 4, 2019.  On March 5, 2019, United States Magistrate Judge Jerry H. Ritter entered an Order of Detention Pending Trial (Doc. 13).  On April 5, 2019: Defendant filed a Motion for Release from Custody (Doc. 29).  At the April 22, 2019 hearing, these concerns were raised by the Government:

- Defendant lied to Pretrial Services about having a child and owing child support (he relinquished parental rights but supposedly didn't know he still owed back child support);

- He had large amounts of money lying around in his bedroom when he was arrested but never paid child support;

- He had no documented work history yet was able to acquire large sums of cash and expensive vehicles;

- While Defendant was native to NM, lack of stable income could indicate flight would be preferable to staying and facing significant prison time;

- Family support existed in NM, but was not reliable.

*See* Tr. of 4/22/19 Hearing.  On April 23, 2019, following a hearing, the Court granted Defendant's motion in part, releasing Defendant to a halfway house under pretrial conditions of release following his release from state custody on an outstanding warrant (Doc. 34).  The Court also issued an Order Setting Conditions of Release (Doc. 36).

On June 10, 2019, Defendant requested modification of his Conditions of Release, seeking release to live at home with his mother pending trial with continued pretrial services supervision in lieu of staying at the La Posada halfway house. Doc. 41. A hearing was held on July 10, 2019. Defendant claimed modification was warranted because he was working full-time doing insurance audits and wanted to provide care for his mother, who had had a stroke.  The Government urged release to continue at La Posada Halfway House in order to maintain structure.  On July 10, 2019,

following a hearing, Judge Johnson granted Defendant's request for modification, finding that it was important for Defendant to maintain employment and noting that Defendant needed to be spending time at home if he was going to take care of his mother.  Doc. 47 (Clerk's Min.).  The Court also entered an Order Setting Conditions of Release, the first being that Defendant "must not violate federal, state, or local law while on release."  Doc. 46.  The Court also told Defendant that "if you violate your conditions, if you pick up any new charges, then you're not going to help yourself out and you're going to end up back in custody." Tr. of 7/10/19 hearing.

During his period of release and while represented by counsel, Defendant filed numerous frivolous pleadings with the Court, which were subsequently stricken.  *See* Docs. 88 and 102 (Orders).   One of these documents was an IRS Form 56 entitled "Notice Concerning Fiduciary Relationship."   The form listed "William P. Johnson" as a fiduciary acting on behalf of Rick Benavidez. Doc. 63, filed December 6, 2019.  Defendant apparently is under the delusional belief that the undersigned judge—because of his official role in Defendant's case—personally owes him a bond or other form of remuneration.

Shortly after Defendant filed this document with the Court, a Special Agent with the Treasury Inspector General for Tax Administration (TIGTA) searched the IRS's filing system and confirmed that the Form 56 had not in fact been filed with the IRS.

On April 2, 2020, Defendant filed a letter addressed to the Clerk of Court which states:

> This is my 3rd and final attempt to receive the courts ein# from you I will give you two weeks to send me the courts ein# or else I will let the IRS know about your unwillingness to cooperate with me they already have the form 56 making you the fiduciary of this case and responsible for all taxes owed on this case.

Doc. 101. Based on this letter, the Special Agent again checked the IRS's system to see if a Form 56 had been filed. This time, the form had indeed been filed, and the IRS's system listed "William P. Johnson" as an executor for Rick Benavidez.

3

At the hearing, the Government represented to the Court that it has not been able to obtain a hard copy of the form submitted by Defendant because the IRS office is closed due to COVID-19 precautions.  Thus, it is not clear whether the IRS accepted the form for filing without a signature (although a signature is normally required for acceptance) or whether Defendant forged the undersigned judge's signature.  The Government notes that the form does not itself create a fiduciary relationship or create any liabilities or obligations on the undersigned judge, but is simply a vehicle "to notify the IRS of the creation or termination of a fiduciary relationship."  *See* Ex. 1 (IRS instructions for Form 56). Also, the Court finds that the Government's inability to obtain a copy—despite its efforts to do so—has no significance in this matter.  The statutes at issue here do not require the Government to present the form that was submitted, and it is not disputed that the IRS accepted the form for filing and processed it.

**DISCUSSION**

The Government contends that Defendant's conduct in filing Form 56 with the IRS violates 18 U.S.C. § 1001 (Concealment of a Material Fact), and 26 U.S.C. § 7207 (Fraudulent Return, Statements and Other Documents). The Government argues that the §3148 analysis should lead the Court to detain Defendant because (1) there is probable cause to believe that he committed a federal crime while on supervised release and (2) he has not presented any evidence to overcome the presumption that no conditions will assure that he will not flee or pose a danger to the safety of any other person or the community.

Defendant contends that his filings in this case and with the IRS are "expressions" of his sovereign-citizen-type ideology, but are not crimes.

**I.    Relevant Law**

The Government seeks revocation under 18 U.S.C. §3148 which governs sanctions for violation of a release condition. Section 3148 (b)(1)(A) establishes a probable cause standard for determining if a defendant has "committed a Federal, State, or local crime while on release . . . ." *See United States v. Reulet*, 658 Fed.Appx. 910, 912 (10th Cir. 2016) (articulating standard). "Probable cause as used in 18 U.S.C. § 3148(b)(1)(A) requires only that the facts available to the judicial officer warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." *United States v. Buffo*, 99 F.3d 1151 (Table), *1 (10th Cir. 1996) (citing *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989)).

If the Court finds probable cause for a felony, there is a rebuttable presumption that no combination of conditions will assure the person will not pose a danger, and he should therefore be detained. 18 U.S.C. § 3148(b).  Once the presumption arises, the defendant must come forward with some evidence to rebut the presumption.  *Cook,* 880 F.2d at 1162 ("Once the presumption arises, the ball is in the defendant's court, and it is incumbent on the defendant to come forward with some evidence to rebut the presumption.").

If the judicial officer finds that the defendant has overcome the statutory rebuttable presumption, a determination is made using the §3142(g) factors regarding the defendant's risk of flight and potential danger to the community, or whether that person is unlikely to abide by any condition or combination of conditions or release. *See* § 3148(b)(2)(A),(B).[2] *See United States v.*

---

[2] Section 3142(g) factors are:
      "(1) the nature and circumstances of the offense charged[;] …
      (2) the weight of the evidence against the person;
      (3) the history and characteristics of the person, including … [the defendant's] criminal history … and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The Government bears the burden of proving risk of flight by a preponderance of the evidence and proving dangerousness by clear-and-convincing evidence. 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The ultimate "burden of persuasion … always remains with the [United States]." *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

*McKethan*, 602 F. Supp. 719, 722 (D.D.C. 1985) (§3142 does not come into play "unless and until the judicial officer finds under §3148(b)(2)(B) that the defendant has overcome the statutory rebuttable presumption"), cited in *Cook,* 880 F.2d at 1162.

## II.     Probable Cause Regarding Violation of 18 U.S.C. §1001(a)(1)

The elements of 18 U.S.C. §1001(a)(1) ("Concealment of a Material Fact") are:

First: the defendant knowingly and willfully [falsified] [concealed] [covered up] a fact; specifically, that he [as described in indictment].

Second: the defendant did so by a trick, scheme, or device, that is, by acting in a way intended to deceive others.

Third: the subject matter involved was within the jurisdiction of the [executive] [legislative] [judicial] branch of the United States;

Fourth: the fact was material to [government entity named in indictment], and

Fifth: the defendant had a legal duty to disclose the fact.

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of [name of government entity].

It is not necessary that [entity] was in fact influenced in any way.

Tenth Circuit Pattern 2.46 (2011 ed. updated Feb. 2018).

Defendant claims that no knowingly and willfully false statement was made under the first element because his *belief* in his sovereign-citizen dogma absolves him from having to operate under "prevailing legal standards." In other words, the undersigned judge is Defendant's fiduciary because he believes it to be so. This is a convenient, but utterly absurd, argument. First, Defendant's subjective belief in the validity of a law does not control whether he can  be charged with violating that law. Second—as the Government pointed out at the hearing--an individual who knows enough to file a Form 56 with the IRS would also know that the undersigned judge Johnson is not his fiduciary.  As the Government also observes, Defendant's espousal of sovereign-citizen

dogma and his rejection of prevailing legal standards is exactly why Defendant faces prosecution for the crimes with which he is charged.

Defendant argues that the second element is not met because submission of the form was lacking in deception.  The Government points out that the statute does not require any grand deception beyond lying in a context where he is likely to be believed; thus, the element of deception is satisfied by Defendant's statement on the Form 56 that the undersigned judge is a fiduciary when in fact he is not.  Also, the fact that Defendant openly filed the Form 56 does not alter the deceptive nature of his conduct.  As the Government notes, telling someone openly you are about to assault him does not make the actual assault legal.  Defendant's conduct therefore satisfies a "probable cause" standard on the second element.

Last, Defendant argues that his conduct fails the "materiality" element because submitting a Form 56 to the IRS cannot influence a decision by the IRS.  Defendant argues that because it is not clear whether the Form 56 was actually signed, the form's submission does not meet this last element.  However, the IRS did in fact accept Defendant's Form 56 submission for filing—whether or not it was accepted without a signature or with a forged signature—and therefore Defendant did influence a decision of the IRS in that the IRS subsequently designated the undersigned as a fiduciary.  At the hearing, in response to the Court's inquiry, the Assistant United States Attorney represented to the Court that the United States Attorney Office would prosecute the matter under both statutes even if the form was submitted as unsigned although there could be additional criminal charges for forging the signature of a federal judge.

Therefore, pursuant to §3148(a)(1), the Court finds there is probable to believe that Defendant committed a federal crime while on pretrial release and violated his conditions of release.

### III.      Probable Cause Regarding Violation of 26 U.S.C. § 7207

Under 26 U.S.C. §7207, it is a misdemeanor offense to make a "fraudulent return, account, statement, or other document" to the IRS when the person knows any of these to be fraudulent or false "as to any material matter."   Defendant argues that his conduct does not meet the requirements for a willful or knowing offense for the same reasons given with respect to 18 U.S.C. §1001.

Defendant contends that there has been "close-call litigation" in the circuits about what documents form the basis of a §7207 conviction when falsely submitted to the IRS, referring to *Sansone v. U.S.,* 380 U.S. 343, 347 (1965).  Specifically, Defendant notes that a Form 56 has never been held to be a qualifying document. However, *Sansone* was a tax evasion case where the defendant requested that the jury be instructed that it could acquit him of the charge of willful tax evasion in violation of §7201, but still convict him of the lesser charge of violation of §7207 (willfully filing a fraudulent or false return).  The requested instructions were denied because the district court concluded that §7207 did not apply to an income tax return.  *Id.*  The Supreme Court reversed, holding that §7207 applies to income tax violations. *Id.* at 349.

*Sansone* has no relevance to the matter here because *Sansone* involved a tax return, not a Form 56. The question is not whether there is any case law holding that Form 56 is a qualifying document under §7207, but whether Form 56 comes within reach of the statute. The Court agrees with the Government that Defendant's filing of a form stating that a federal judge is his fiduciary (when that is not even remotely accurate) comes within the plain language of a §7207 violation: it is "fraudulent," it is a "document," and it is "material."  Neither party discusses the "materiality" element under the statute, but it is obvious that naming someone as your fiduciary is certainly a

"material matter" and thus the Court finds probable cause exists that Defendant's conduct violates 26 U.S.C. §7207 as well.

Accordingly, the Court finds that there is probable cause to believe that Defendant committed a federal crime while on release under §3148(a) and that he has not rebutted the presumption that arises with that finding that no condition or combination of conditions will assure that the he will not pose a danger to the safety of any other person or the community.  Under §3148(b)(1)(B), the analysis ends here when the Court finds that a defendant has not rebutted the presumption.

However, the Court would also point out that Defendant has engaged in a pattern of frivolous filings—and continued to do so even after being ordered to discontinue such conduct, to a degree that is harassing and of dubious legality.  He shows no qualms about using materially false filings to attempt to encumber and intimidate this Court; and there is no reason to believe that he would stop if his release was allowed to continue.  Based on Defendant's past conduct, the Court also finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

Under §3148(b), the findings above mandate that the Court enter an order of revocation. *See* 3148(b) ("The judicial officer *shall* enter an order of revocation and detention . . . . ").  Defendant is therefore remanded into custody of the United States Marshal for the District of New Mexico.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE