**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                      No. 19-cr-0592-WJ

RICK BENAVIDEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR RE-IMPOSITION OF CONDITIONS OF PRETRIAL RELEASE**

**THIS MATTER** is before the Court upon Defendant's September 26, 2020, Motion for Re-imposition of Conditions of Pretrial Release. Doc. 130. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Defendant violated federal law during his previous period of pre-trial release and is unlikely to abide by any conditions of release if granted again. Accordingly, Defendant will remain detained pending trial.

**BACKGROUND**

On February 27, 2019, Defendant was indicted on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of bank fraud in violation of 18 U.S.C. § 1344. Doc. 2. A detention hearing was conducted by United States Magistrate Judge Ritter pursuant to 18 U.S.C. § 3142. Docs. 11, 30. Pretrial Services recommended Judge Ritter remand Defendant to the custody of the U.S. Marshals pending trial. Doc. 30 at 19. Judge Ritter observed that "[s]ome of the most concerning things in the Pretrial Services report are the apparent lack of honesty with Pretrial Services," and found by a preponderance of the evidence that no condition or combination of conditions of release would reasonable assure Defendant's future appearance in

court as required. Doc. 30 at 19; Doc. 13 at 2. With a new attorney, Defendant later filed a motion for pretrial release (Doc. 29). This motion was granted and Defendant was released to a halfway house on the condition that he comply with federal, state and local law. Doc. 34; Doc. 36 at 1-2.

On June 10, 2019, Defendant filed a motion to modify his conditions of release; namely, Defendant sought to live at his mother's residence. Doc. 41. The Court granted the motion, but warned that if Defendant violated the conditions of his release, a warrant would issue for his arrest. Doc. 110 at 12. Defendant was directly ordered not to commit any further crimes. Doc 46 at 1.

Following the withdrawal of Defendant's second attorney, the Court was bombarded with frivolous and incomprehensible *pro se* filings by the Defendant, despite his access to a third attorney's representation. *See* Docs. 63, 64, 67-77, 79-83, 101. These filings were struck by the Court *sua sponte*, Docs. 88, 102, and ultimately Defendant was warned that "further filings of this nature will also be stricken and may result in the Court modifying or revoking Defendant's pretrial release conditions such that Defendant is remanded into the custody of the U.S. Marshal . . . " Defendant submitted another such *pro se* filing, but it cannot be determined with certainty whether Defendant was in receipt of the Court's warning prior to the filing. *See* Doc. 130 at 4.

In April, 2020, the United States provided evidence that Defendant committed a federal offense while on release by filing a Form 56 with the IRS listing the Court as a fiduciary for the Defendant and describing the Court as "Appointed as special executor by general executor." Doc. 103. Accordingly, and consistent with the conditions of his release, the Court remanded Defendant to the custody of the U.S. Marshals Service, finding probable cause to believe that Defendant violated two federal statutes by filing the falsified information with the IRS. Doc. 127 at 6-9.

Defendant now motions the Court to reimpose his previous release on the grounds that (1) he has signed a sworn declaration that he won't send illegal mailings to the IRS, the Court or

otherwise, and (2) he has been diagnosed with high-blood pressure, which makes him more susceptible than others to COVID-19. Doc. 130 at 1.

## LAW

A defendant in a federal criminal case is subject to revocation of the conditions of his pretrial release when he violates one or more of those conditions. 18 U.S.C. § 3148(a). The Court shall enter an order of revocation and detention when there is "probable cause to believe that the person has committed a [f]ederal, [s]tate, or local crime while on release" and either "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). When a defendant commits a federal, state or local felony offense while on pretrial release in a federal case, a presumption arises that no combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2).

## DISCUSSION

As the Court found on June 29, 2020, there is probable cause to believe that Defendant committed at least two federal offenses while on release in violation of § 3148(b)(2). Furthermore, there is hardly any doubt as to the Defendant's propensity for truthtelling and compliance; he has lied to officials and violated the conditions of his release already when such conditions were made explicitly clear to him. It is the Court's duty to ensure that Defendant poses neither a risk of flight nor a danger to the safety of any other person in the community, and that the Defendant will abide by those conditions or a combination of conditions of release. There are differing judicial conclusions as to Defendant's risk and ability to comply, as he has been found once to pose a risk of flight, and separately, he was released on the grounds that this risk was mitigated enough by the

circumstances to extend pretrial release to the Defendant with conditions. However, upon incessant frivolous court filings, as well as the submission of falsified information to the IRS while on pretrial release—release conditioned on compliance with federal law—there is now no doubting that any representations Defendant may make in ostensible support of his commitment to comply with applicable law and conditions of release cannot be trusted. As the Court has already noted:

> Defendant has engaged in a pattern of frivolous filings—and continued to do so even after being ordered to discontinue such conduct, to a degree that is harassing and of dubious legality. He shows no qualms about using materially false filings to attempt to encumber and intimidate this Court; and there is no reason to believe that he would stop if his release was allowed to continue. Based on Defendant's past conduct, the Court also finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

Doc. 127. Nothing has changed. Defendant now believes that a signed statement obligating him to abstain from unlawful conduct will suffice as "new or newly discovered factual circumstances" warranting pretrial release when the subject crime—the very crime for which his release was revoked—involved falsified statements. *See* Doc. 130 at 7. The Court is not convinced that this is the kind of new "information" which is sufficient to reopen the applicable hearing, much less information based on the already demonstratively questionable integrity of the signatory-Defendant. The substantive standard for determining whether the Defendant can be released relies entirely on "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(g); see *also* 18 U.S.C. § 3148(b)(2) (incorporating the § 3142(g) release/detention factors into the revocation analysis). The Court is now convinced that there are no conditions of anything with which Defendant would comply at all, much less release conditions requiring him to appear at his trial for a crime with potentially heavy penalties.

Defendant's second piece of new "information" relates to a purported medical condition,

namely, hypertension (high blood pressure), which he believes increases the risk that he will contract COVID-19 if he remains in pretrial detention. First, conditions allegedly increasing a detainee's risks of contracting COVID-19 or of suffering more severe reactions to the virus are not sufficient for release, and Defendant has offered nothing to suggest that he faces a reduced risk of contracting COVID-19 if released. *See United States v. Martin*, 2020 WL 1274857, 2–3 (D. Md. Mar. 17, 2020) (declining defendant's motion for release when defendant had health conditions making him particularly sensitive to COVID-19); *see also United States v. Jai Montreal Winchester*, 2020 WL 1515683, 12 (M.D.N.C. Mar. 30, 2020) (declining to release a defendant because his arguments "applie[d] equally to every detainee in detention" and were merely attempts to use the "current public health crisis as an opportunity to obtain . . . release by substituting conjecture, hyperbole, misstate for reasoning"). Second, even if Defendant's blood pressure was sufficient on its own to demonstrate lawfully excessive risk of exposure to the COVID-19, Defendant would still be held to the requirements of §§ 3142(g) and 3148(b)(2), requirements which the Court is now thoroughly convinced cannot be met with respect to this Defendant.

## CONCLUSION

Defendant has already been given the opportunity to obey the law and the conditions of release, and this he failed to do. For these reasons, and those otherwise set forth in this Memorandum Opinion and Order, Defendant's Opposed Motion for Re-imposition of Conditions of Pretrial Release is **DENIED**.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE