# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                No. 19-cr-0592-WJ

RICK BENAVIDEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S SECOND OPPOSED MOTION FOR RE-IMPOSITION OF CONDITIONS OF PRETRIAL RELEASE

**THIS MATTER** is before the Court upon Defendant's Second Motion for Re-imposition of Conditions of Pretrial Release, filed February 23, 2021 (Doc. 140) (the "Motion"). For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Defendant violated federal law during his previous period of pre-trial release, and has offered nothing new or compelling to undermine the Court's previous determination that he is unlikely to abide by any conditions of release if granted again. Accordingly, Defendant will remain detained pending trial.

## BACKGROUND

On February 27, 2019, Defendant was indicted on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of bank fraud in violation of 18 U.S.C. § 1344. Doc. 2. A detention hearing was conducted by United States Magistrate Judge Ritter pursuant to 18 U.S.C. § 3142. Docs. 11, 30. Pretrial Services recommended Judge Ritter remand Defendant to the custody of the U.S. Marshals pending trial. Doc. 30 at 19. Judge Ritter observed that "[s]ome of the most concerning things in the Pretrial Services report are the apparent lack of honesty with Pretrial Services," and found by a preponderance of the evidence that no condition

or combination of conditions of release would reasonable assure Defendant's future appearance in court as required. Doc. 30 at 19; Doc. 13 at 2. With a new attorney, Defendant later filed a motion for pretrial release (Doc. 29). This motion was granted and Defendant was released to a halfway house on the condition that he comply with federal, state and local law. Doc. 34; Doc. 36 at 1-2.

On June 10, 2019, Defendant filed a motion to modify his conditions of release. Namely, Defendant sought to live at his mother's residence. Doc. 41. The Court granted the motion, but warned that if Defendant violated the conditions of his release, a warrant would issue for his arrest. Doc. 110 at 12. Defendant was directly ordered not to commit any further crimes. Doc 46 at 1.

Following the withdrawal of Defendant's second attorney, the Court was bombarded with frivolous and incomprehensible *pro se* filings by the Defendant, despite his access to a third attorney's representation. *See* Docs. 63, 64, 67-77, 79-83, 101. These filings were struck by the Court sua sponte, Docs. 88, 102, and ultimately Defendant was warned that "further filings of this nature will also be stricken and may result in the Court modifying or revoking Defendant's pretrial release conditions such that Defendant is remanded into the custody of the U.S. Marshal . . . " Defendant submitted another such *pro se* filing, but it cannot be determined with certainty whether Defendant was in receipt of the Court's warning prior to the filing. *See* Doc. 130 at 4.

In April of 2020, the United States provided evidence that Defendant committed a federal offense while on release by filing a Form 56 with the IRS listing the Court as a fiduciary for the Defendant and describing the Court as "Appointed as special executor by general executor." Doc. 103. Accordingly, and consistent with the conditions of his release, the Court remanded Defendant to the custody of the U.S. Marshals Service, finding probable cause to believe that Defendant violated two federal statutes by filing the falsified information with the IRS. Doc. 127 at 6-9.

Defendant then motioned the Court to reimpose his previous release on the grounds that

(1) he signed a sworn declaration that he won't send illegal mailings to the IRS, the Court or otherwise, and (2) he was diagnosed with high-blood pressure, which makes him more susceptible than others to COVID-19. Doc. 130 at 1. The Court denied this motion on November 5, 2020, finding that his fraudulent filings with the IRS made the Court doubt his ability to comply with any conditions of release. *See* Doc. 136 at 5

The instant Motion is a renewal of this previously denied Motion for Re-Imposition of Conditions of Pretrial Release, and asks the Court to reevaluate its November 5 ruling in light of a declaration by Defendant's mother which details various burdens Defendant's mother now faces as a result of her son's incarceration. Doc. 140; *see also* Doc. 140-2.

## DISCUSSION

A defendant in a federal criminal case is subject to revocation of the conditions of his pretrial release when he violates one or more of those conditions. 18 U.S.C. § 3148(a). The Court shall enter an order of revocation and detention when there is "probable cause to believe that the person has committed a [f]ederal, [s]tate, or local crime while on release" and either "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

The Motion effectively makes three arguments. First, it implies that Defendant's 2019 submission of an IRS Form naming the Court as a fiduciary of Defendant was not fraudulent, as the form bore no actual signature purporting to be the Court's, "which is supposed to be a requirement for such forms." Doc. 140 at 1, ¶ 1. Second, it argues that a declaration by Defendant's mother detailing the burdens attendant to her son's incarceration constitutes new information sufficient to form a new basis for release. *Id*. at 2, ¶ 2. Third, it reasserts claims from Defendant's

3

previous Motion for Re-Imposition of Conditions of Pretrial Release that Defendant's hypertension warrants release in light of COVID-19. *Id.*, ¶ 3.

The Court has already addressed the fraudulent Form 56 filing with the IRS in both its previous Memorandum Opinion and Order Denying Defendant's Opposed Motion for Re-Imposition of Conditions of Pretrial Release, filed November 5, 2020 (Doc. 136) and its Memorandum Opinion and Order Granting Government's Motion for Revocation of Release from Pretrial Detention, filed July 9, 2020 (Doc. 127). Defendant presents nothing new at this time, but the Court notes that it made no ruling as to whether Defendant would be convicted for the filing. Rather, the Court analyzed the filing under the probable cause standard governing revocation of release under 18 U.S.C. § 3148, and still finds that probable cause exists to conclude that Defendant committed a federal crime while released pending trial because (1) Defendant submitted a Form 56 to the IRS falsely naming the Court as a fiduciary acting on behalf of Defendant and (2) the filing was actually accepted and processed by the IRS, as the IRS query system listed "William P. Johnson" as an executor for Defendant. *See* Doc. 127 at 6-7 (Probable cause regarding a violation of 18 U.S.C. §1001(a)(1) ("Concealment of a Material Fact") exists, and the Court therefore finds that there is "probable [cause] to believe that Defendant committed a federal crime while on pretrial release and violated his conditions of release.").

The Court has also already addressed Defendant's claims as to his hypertension, finding that "conditions allegedly increasing a detainee's risks of contracting COVID-19 or of suffering more severe reactions to the virus are not sufficient for release, and Defendant has offered nothing to suggest that he faces a reduced risk of contracting COVID-19 if released." Doc. 136 at 5 (citing *United States v. Martin*, 2020 WL 1274857, 2–3 (D. Md. Mar. 17, 2020) (declining defendant's motion for release when defendant had health conditions making him particularly sensitive to COVID-19); *United States v. Jai Montreal Winchester*, 2020 WL 1515683, 12 (M.D.N.C. Mar. 30, 2020) (declining to release a

defendant because his arguments "applie[d] equally to every detainee in detention" and were merely attempts to use the "current public health crisis as an opportunity to obtain . . . release by substituting conjecture, hyperbole, and misstatement for reasoning"). The Court also found that even if Defendant's blood pressure was sufficient on its own to demonstrate lawfully excessive risk of a serious reaction to COVID-19, he would still be held to the requirements of §§ 3142(g) and 3148(b)(2), "requirements which the Court is now thoroughly convinced cannot be met with respect to this Defendant." Doc. 136 at 5.

This brings the Court to Defendant's only new argument: that a declaration by Defendant's mother detailing the difficulties attendant to her son's detention warrants pretrial release under 18 U.S.C. § 3142(g)(3)(A).[1] It is true, § 3142(g) includes "family ties" in its list of potential considerations as to the appropriateness of pretrial release, but these considerations are meant to inform the Court as to the likelihood that a defendant will flee or endanger the community. Section 3142(g) does *not* require a Court to grant such a motion when a defendant has local family ties, even if those family members face burdensome circumstances as a result of the defendant's detention. Furthermore, § 3142(g) lists far more factors than merely a defendant's family members—for instance, a defendant's character should also be considered by the Court, and here, Defendant's character certainly weighs against release. As the Court has found before, "there is hardly any doubt as to the Defendant's propensity for truthtelling and compliance; he has lied to officials and violated the conditions of his release already when such conditions were made explicitly clear to him." Doc. 136 at 3.

The Court is certainly sympathetic of the burdens Ms. Benavidez faces as a result of her son's detention. As a general rule, the incarceration of any person typically results in hardship on some or all of that person's family members. However, it must be noted that Ms. Benavidez's stroke, which

---

[1] The Motion requests release to a halfway house, not release to the residence of Defendant's mother. It is the Court's understanding that Defendant, if released to a halfway house, would only be free to leave the halfway house for work, not to care for his mother. Thus, the Motion bases its request on "difficulties that [Defendant's] absence is inflicting on his aging and ailing mother" which the requested relief will not resolve. *See* Doc. 140 at 2.

seems to underly her attested difficulties driving and managing her day-to-day affairs, happened over three years ago. Doc. 140-2 at 1 ("I had a stroke roughly 3.5 years ago at which time [Defendant] became my caretaker. Due to the stroke, I have trouble keeping my balance and almost no peripheral vision. Driving is extremely difficult for me.") At this point, Defendant became his mother's primary caregiver, but since then, he has been indicted for bank fraud in violation 18 U.S.C. § 1344. While Defendant is of course innocent until proven guilty in this case, his subsequent interactions with the Court and his likely violations of federal law while on pretrial release has shown the Court two things: (1) Defendant cannot be trusted to abide by any conditions of release the Court may set for him, and (2) Defendant did not consider his mother's needs while sending fraudulent filings to the IRS in violation of his conditions of release when he knew his mother relied on him for care.

## CONCLUSION

Defendant has already been given the opportunity to obey the law and the conditions of his release, and this he failed to do. For these reasons, and those otherwise set forth in this Memorandum Opinion and Order, Defendant's Second Opposed Motion for Re-imposition of Conditions of Pretrial Release is **DENIED**.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE