IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                       No. 19-cr-0592-WJ

RICK BENAVIDEZ,

    Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR PSYCHIATRIC/PSYCHOLOGICAL EXAM AND MOTION TO CONTINUE

**THIS MATTER** is before the Court upon Defendant Rick Benavidez's Unopposed Motion for Psychiatric/Psychological Exam (Doc. 152) and Unopposed Motion to Continue (Doc. 153). Having reviewed the Motions and the record in this case, the Court finds that the Motions are well-taken and should be **GRANTED**, subject to the requirements set forth below.

### DISCUSSION

Defense Counsel fears that Defendant is suffering from a mental-health issue which is "undeniably severely affecting his ability to consult with his lawyer with a reasonable degree of rational understanding." *Id.* at 7. In support of his belief, Defense Counsel notes that Defendant is resolute in certain ideas that he's held throughout the course of his year-long detention which have "never yielded any positive results whatsoever." *Id*. Defendant refuses to meet with Defense Counsel or to speak with Defense Counsel over the phone, and often makes contradictory demands, such as requesting continuance of trial for months and then asserting speedy trial rights in the form of "sovereign citizen" type filings. *Id.* In light of Defendant's recent behavior and inability to consult in formulating a defense, Defense Counsel has decided to shift to "a defense

based on IRA-compelled examination, or no defense." *Id*.  In other words, in addition to questioning Defendant's competence to stand trial, Defense Counsel questions Defendant's sanity at the time of the alleged offense.

Defense Counsel specifically asks the Court to order a mental evaluation and report of Defendant, including an evaluation of competency issues under §§ 4241, 4247(c)(4)(A) and Rule 12.2(c)(1)(A), and sanity and mitigation issues under §§ 4242, 4247(c)(4)(B) & (F) and Rule 12.2(c)(1)(B). Defense Counsel maintains that "if a competence evaluation were completed now, followed by a defense-arranged insanity-oriented evaluation later, and potentially followed by a Government-requested evaluation after that — [it] would almost certainly result in immense duplication of effort, time, and expense." As an alternative, Defense Counsel requests a single, local examination covering both topics—competency and sanity—and further requests that Defendant be compelled to meet with Defense Counsel in advance of any such evaluation and be present with him during the evaluation. Doc. 152 at 8.

With regard to Defendant's competency for trial, 18 U.S.C. § 4241(a) holds, in relevant part, that a court shall grant a motion to determine competency where there is reasonable cause to believe that a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to assist properly in his defense. Defense Counsel has alleged facts strongly suggesting a mental disease or defect rendering Defendant unable to assist counsel in formulating a defense, and the record supports a finding that Defendant has certain ideations which may be delusional or otherwise indicate psychological obstacles to Defendant's ability to consult with his counsel. The Government seems to agree with Defense Counsel that a competency evaluation is necessary at this time, and the Court therefore finds reasonable cause to order such evaluation.

With regard to Defendant's insanity defense, Rule 12.2 of the Federal Rules of Criminal Procedure require the Court to order Defendant examined under 18 U.S.C. § 4242. Under § 4242, the Court may order a psychiatric examination to be conducted under § 4247(b), which calls for an examiner's opinions as to "whether the person was insane at the time of the offense charged." Defendant has properly noticed the Court under Rule 12.2, and because the Government has not opposed the Motion for Psychiatric/Psychological Exam on grounds of an insanity defense, the Court finds that an examination and report consistent with § 4242 and § 4247 are appropriate.

However, Defense Counsel's request that Defendant remain at his present facility for local, private evaluation is not satisfactory to the Court. Serious questions as to Defendant's competency and sanity have been brought to the Court's attention, and because it appears Defendant's case may rely on a finding of insanity, the evaluation contemplated in the Motions is sufficiently important as to warrant extensive observation. For these reasons, and to lessen the likelihood that the Government requests a subsequent evaluation on these issues, the Court finds it more prudent at this time to remand Defendant to the custody of the Attorney General for evaluation by the Bureau of Prisons (the "BOP"). *See* § 4247(b) (authorizing the Court, upon motion for an evaluation pursuant to § 4242, to commit Defendant to the custody of the Attorney General for placement in a suitable facility). The Motions are therefore **GRANTED** subject to the above considerations.

Now, therefore, **IT IS ORDERED** that Defendant Rick Benavidez is committed to the custody of the Attorney General for determination of competency to proceed in a criminal case and determination of insanity. Defendant shall be evaluated by appropriate BOP personnel under the direction of the Attorney General, who shall file a report with this Court responding to the following questions:

1. Was Defendant insane at the time of the offense charged?

2. Does Defendant now have a rational as well as a factual understanding of the nature and consequences of the proceedings against him?

3. Does Defendant now have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding?

4. If Defendant does not presently have a rational and factual understanding of the nature and consequences of the proceedings against him or presently does not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, then is there a substantial probability that he will attain these capacities in the foreseeable future?

5. Does the examiner have any recommendations as to how Defendant's mental condition(s), if any, should affect his sentence?

In answering these questions, the ordered report must contain (1) Defendant's history and present symptoms, (2) a description of the psychiatric, psychological, and medical tests that were employed and their results, and (3) the examiner's findings under § 4247(c).

Further proceedings with respect to Defendant, including jury selection and trial previously scheduled for July 19, 2021, are hereby **STAYED** until the report is received and a competency hearing is concluded. Pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(7)(A), this period is excluded for purposes of Defendant's speedy trial rights.

**IT IS FURTHER ORDERED**, pursuant to Rule 12.2(c) of the Federal Rules of Criminal Procedure, that neither any statement made by Defendant in the course of the competency evaluation, nor testimony by an expert or experts based upon such a statement, and no other fruits of the statement, shall be admitted in evidence against Defendant in any criminal proceeding, except on an issue respecting mental condition on which the defendant has introduced testimony.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE